UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. |
| | : | |
| $4,745.01 IN UNITED STATES CURRENCY, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| [CLAIMANT: JORDAN CARDONE] | : | March 1, 2018 |

VERIFIED COMPLAINT OF FORFEITURE

Now comes Plaintiff, United States of America, by and through its attorneys, John H. Durham, United States Attorney for the District of Connecticut, and John B. Hughes, Assistant United States Attorney, and respectfully states that:

1. This is a civil action <u>in</u> <u>rem</u> brought to enforce the provision of 21 U.S.C. § 881(a)(6), which provides for the forfeiture of proceeds traceable to the exchange of controlled substances in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 <u>et</u> <u>seq.</u>

2. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355. Venue is appropriate in the District of Connecticut by virtue of 28 U.S.C. § 1395(b).

3. The Defendant is $4,745.01 in United States Currency ("Defendant Currency").

4. The Defendant Currency is located within the jurisdiction of this Court.

5. On December 4, 2017, Jordan Cardone submitted an administrative claim of ownership to the Defendant Currency.

**Background of Investigation**

6. On September 30, 2017, law enforcement was dispatched to the area of 22 New Haven Avenue, Derby, Connecticut for reported parking violations. When law enforcement arrived at the location, they observed multiple motor vehicles parked on the sidewalk between 22 New Haven Avenue and 40 New Haven Avenue.

7. Officers approached the residence at 40 New Haven Avenue to speak with the residents about the parking complaint that was made to the Derby Police Department. As law enforcement walked onto the front porch of 40 New Haven Avenue, they noticed the strong smell of marijuana emanating from inside the residence.

8. Immediately to the left of the front door at 40 New Haven Avenue, there is a window that had blinds which were partially drawn that allowed law enforcement to see inside the residence. As one officer knocked on the front door, another officer stood by the window looking inside. Law enforcement observed a Hispanic male, later identified as Jordan Cardone ("Cardone"), approaching the front door with a handgun in his right hand that he appeared to be trying to conceal behind his back. Cardone looked through the window of the front door, then quickly turned back and placed the handgun in the top drawer of a small night stand table located in the kitchen.

9. Shortly thereafter, a Hispanic female, later identified as Jessica Molina ("Molina"), came to the front door and spoke with the officers. She was asked if either she or Cardone had a permit for the handgun. In response to the question, she answered "no." Law enforcement

entered the residence and secured the weapon, which was a .22 caliber Smith and Wesson handgun with ten .22 caliber rounds located in the magazine.

10. After securing the handgun, law enforcement observed, in plain view, an aquarium on top of the kitchen table that contained four baggies of marijuana but no water or marine life. Also on the kitchen table, law enforcement observed a digital scale and clear sandwich baggies identical to the bags containing the marijuana in the aquarium.

11. While conducting a protective sweep of the residence, law enforcement found four large marijuana plants located in an open closet located in the master bedroom as well as grow lights, a fan, and a timer. Also located in the master bedroom were four large jars of cultivated marijuana. In another bedroom where Cardone's juvenile son was believed to sleep, law enforcement found 13 immature marijuana plants.

12. Law enforcement obtained a State of Connecticut Search and Seizure Warrant and continued to search the residence. The following items were seized incident to both the protective sweep and the execution of the state search warrant: the Smith and Wesson handgun; 1.3 pounds of marijuana; four large marijuana plants each approximately three to four feet tall; thirteen juvenile marijuana plants; a bucket full of marijuana plant stems; grow lights; a digital scale; and $4,745.01 in United States Currency, which was discovered in three locations inside the residence. Approximately $3,500 to $4,000 was discovered by law enforcement in the kitchen among other drug paraphernalia. Several hundred dollars was found in a night stand in the master bedroom. In addition, an unknown, smaller amount of currency was found in the child's bedroom.

13.     Cardone was arrested and charged with violations of Connecticut General Statutes: Possession of Marijuana with Intent to Sell; Possession of Drug Paraphernalia; Operating a Drug Factory; Cultivation of Marijuana Without a License; Criminal Possession of a Firearm; and Risk of Injury to a Minor.

14.     Law enforcement conducted a criminal background check on Cardone and discovered that Cardone had been arrested and convicted in the State of Connecticut in 2009 for felony Possession with Intent to Sell and Altering a Firearm Identification Number.

15.     Based on the above information, it is believed that $4,745.01 in United States Currency constitutes proceeds from the illegal sale and distribution of narcotics and is therefore subject to forfeiture pursuant to 21 U.S.C. Section 881(a)(6).

16.     The Defendant Currency represents proceeds traceable to the exchange of controlled substances in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq., and is, therefore, subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America prays that a Warrant of Arrest In Rem be issued for $4,745.01 in United States Currency; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the property to be condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

  /s/ John B. Hughes
JOHN B. HUGHES
ASSISTANT U. S. ATTORNEY


  /s/ David X. Sullivan
DAVID X. SULLIVAN
ASSISTANT U. S. ATTORNEY
157 CHURCH STREET, 25TH FLOOR
NEW HAVEN, CT  06510
(203) 821-3700
FEDERAL BAR # ct03793
David.Sullivan@usdoj.gov

DECLARATION

I am a Task Force Officer for the Drug Enforcement Administration, and the agent assigned the responsibility for this case.

I have reviewed the contents of the foregoing Verified Complaint of Forfeiture and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 1st day of March, 2018.


      */s/ Joseph Massetti*
JOSEPH MASSETTI
TASK FORCE OFFICER
DRUG ENFORCEMENT ADMINISTRATION